# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYNANTE PRE,<br><br>                              Plaintiff,<br>vs.<br><br>VICTOR M. ALMAGER, Warden,<br><br>                              Defendant. | CASE NO. 07cv890-W (WMc)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE GRANTING RESPONDENT'S MOTION TO DISMISS |

## I.
## INTRODUCTION

REYANTE PRE ("Petitioner"), a state inmate proceeding *pro se*, has filed a federal Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). Before the Court is Respondent's Motion to Dismiss the Petition for untimeliness ("Motion").

This Report and Recommendation is submitted to United States District Judge Thomas J. Whelan pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California. The Court has reviewed the Motion and **RECOMMENDS** that (1) Respondent's Motion to Dismiss be **GRANTED** and (2) the Petition be **DISMISSED** with prejudice.

///

## II.
## PROCEDURAL HISTORY

**A. Background**

On July 22, 2002, a jury convicted Petitioner in San Diego County Superior Court case number SCD144036 of the following: attempted voluntary manslaughter (Cal. Penal Code §§ 644/192(a)) (Lodgment 1 at 120.); mayhem (Cal. Penal Code § 203) (Lodgment 1 at 122.); torture (Cal. Penal Code § 206) (Lodgment 1 at 123.); robbery (Cal. Penal Code § 211), and found that Petitioner personally used a deadly and dangerous weapon (Cal. Penal Code § 12022(b)(1)) and personally inflicted great bodily injury (Cal. Penal Code § 12022.7) (Lodgment 1 at 124.); and burglary (Cal. Penal Code § 459), and found that Petitioner personally used a deadly and dangerous weapon (Cal. Penal Code § 12022(b)(1)) and personally inflicted great bodily injury (Cal. Penal Code § 12022.7) (Lodgment 1 at 125).

On August 30, 2002, Petitioner was sentenced by the trial court to a life term plus 13 years and 4 months in state prison. (Lodgment 1 at 173-74, 200).

Thereafter, Petitioner appealed his conviction to the Fourth District Court of Appeal, Division One. (Lodgment 3; Lodgment 4)  On April 1, 2004, the Court of Appeal affirmed the judgment. (Lodgment 5.)

Following the Court of Appeal's decision, Petitioner filed a petition for review in the California State Supreme Court. (Lodgment 7.)  The petition for review presented two questions: (1) "When the California Legislature implemented the Crime Victim's Justice Reform act to punish the crimes of torture with a sentence of life in prison, what kind of factual scenarios did the legislature intend to include when it described crimes of an 'extremely violent and callous' nature, like those committed in the *Singleton* case?"; (2) "Did the actions of [Petitioner] fall into the category of criminal acts that the California electorate had in mind when it passed the Crime Victims Justice Reform Act, making torture an offense punishable by life in prison?". (Lodgment 6.)  On June 30, 2004, the California Supreme Court denied the petition for review without comment or citation. (Lodgment 7.)

On September 22, 2005, Petitioner filed a petition for a writ of habeas corpus in the San Diego County Superior Court, claiming ineffective assistance of both trial and appellate counsel.

1  (Lodgment 8.) On November 16, 2005, the court denied the petition, stating that "Petitioner failed
2  to meet his burden to establish that he received deficient representation." (Lodgment 9, Exhibit
3  A.)
4      On March 16, 2006, Petitioner filed a petition for writ of habeas corpus in the California
5  Court of Appeal. (Lodgment 9.) Again, Petitioner alleged that he received ineffective assistance
6  of both trial and appellate counsel. (Lodgment 10.) On June 7, 2006, the California Court of
7  Appeal denied the petition because Petitioner "failed to state a prima facie case for relief."
8  (Lodgment 10.)
9      On October 10, 2006, Petitioner filed a petition for writ of habeas corpus in the California
10 Supreme Court. (Lodgment 11.) The Petitioner raised the following claims: (1) counsel failed to
11 properly prepare a defense and investigate facts; (2) counsel failed to attempt to respond to Jury
12 Question #3; and (3) counsel failed to impeach victim with her prior inconsistent statements.
13 (Lodgment 11, Exhibit A.) On April 18, 2007, the California Supreme court denied the petition
14 for failure to establish a prima facie case of deficient representation. (Lodgment 12; Lodgment 11,
15 Exhibit A.)
16     On May 16, 2007, Petitioner filed a petition for writ of habeas corpus in this Court, the
17 United States District Court for the Souther District of California. (Docket No. 1) On July 6,
18 2007, Respondent filed a motion to dismiss based on untimeliness. (Docket No. 6) On August 6,
19 2007, Petitioner filed a response to Respondent's motion to dismiss. (Docket No. 8)

20 **B. Time Line Of Events And Proceedings**

21 
| Date | Description of Events and Proceedings |
|---|---|
| **April 24, 1996** | The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, which amended 28 U.S.C. § 2254 and related provisions, applies to habeas petitions filed after the Act's effective date of April 24, 1996. *Smith v. Robbins*, 528 U.S. 259, 268 n.3, 120 S. Ct. 746, 145 L. Ed. 2d 756 (2000). |
| **July 22, 2000** | A jury convicted Petitioner in San Diego County Superior Court case number SCD144036 of the following:<br>• attempted voluntary manslaughter (Cal. Penal Code §§ 644/192(a)) (Lodgment 1 at 120.);<br>• mayhem (Cal. Penal Code § 203) (Lodgment 1 at 122.);<br>• torture (Cal. Penal Code § 206) (Lodgment 1 at 123.);<br>• robbery (Cal. Penal Code § 211), and found that Petitioner personally used a deadly and dangerous weapon (Cal. Penal Code § 12022(b)(1)) and personally inflicted great bodily injury (Cal. Penal |

|   |   |   |
|---|---|---|
|   |   | Code § 12022.7) (Lodgment 1 at 124.); and |
|   | • | burglary (Cal. Penal Code § 459), and found that Petitioner personally used a deadly and dangerous weapon (Cal. Penal Code § 12022(b)(1)) and personally inflicted great bodily injury (Cal. Penal Code § 12022.7). (Lodgment 1 at 125.) |
| **Aug. 30, 2002** | | Trial court sentenced Petitioner to a term of life plus 13 years and 4 months in state prison. (Lodgment 1 at 173-174, 200.) |
| [N/A][1] | | Petitioner appealed his conviction to the Fourth District California Court of Appeal, Division One. (Lodgment 3; Lodgment 4.) |
| **April 1, 2004** | | Court of Appeal affirmed the judgment. (Lodgment 5.) |
| [N/A][2] | | Petitioner petitioned for review in the California Supreme Court. (Lodgment 6.) |
| **June 30, 2004** | | California Supreme Court denied review. (Lodgment 7.) |
| **Sept. 28, 2004** | | Petitioner's conviction became final on September 28, 2004, 90 days after the California Supreme Court denied review. *See Bowen v. Row*, 188 F.3d 1157 (9th Cir. 1999); *See* Sup.Ct. R. 13. |
| **Sept. 29, 2004** | | Pursuant to Fed. R. Civ. Proc. 6(a), unless an exception applies, the statute of limitations began to run on September 29, 2004, the date subsequent to when the California Supreme Court's judgment became final. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). |
| **Sept. 17, 2005** | | Petitioner signed proof of service by mail on petition for writ of habeas corpus in San Diego Superior Court. (Lodgment 8.) |
|   | | AEDPA statute of limitations was tolled from the time Petitioner filed his first habeas petition on September 17, 2005, until the California Supreme Court denied his petition on April 18, 2007. *See Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003) (holding under the 'mailbox rule', "a pro se prisoner's filing of a state habeas petition is deemed filed at the moment the prisoner delivers it to prison authorities for forwarding to the clerk of the court."). |
| **Sept. 22, 2005** | | Petitioner filed a petition for writ of habeas corpus in the San Diego County Superior Court. (Lodgment 8.) |
| **Nov. 16, 2005** | | San Diego County Superior Court denied petition for habeas corpus. (Lodgment 9, Exhibit A.) |
| **March 16, 2006** | | Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal. (Lodgment 9.) |
| **June 7, 2006** | | Court of Appeal denied petition for habeas corpus. (Lodgment 10.) |

---

[1] Difficult to decipher exact date Petitioner appealed his conviction to the Fourth District California Court of Appeal, Division One. (See Lodgment 3; Lodgment 4)

[2] Difficult to decipher exact date Petitioner petitioned for review in the California Supreme Court. (See Lodgment 6)

| | | |
|---|---|---|
| 1 | **Oct. 10, 2006** | Petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (Lodgment 11; Lodgment 12.) |
| 2 3 | **April 18, 2007** | California Supreme Court denied petition for writ of habeas corpus. (Lodgment 12.) |
| 4 5 | | AEDPA statute of limitations was tolled from the time Petitioner filed his first habeas petition on September 17, 2005, until the California Supreme Court denied his petition on April 18, 2007. |
| 6 7 | **April 29, 2007** | Petitioner had 11 days, or until April 29, 2007, to file his federal petition once the California Supreme Court denied his state petition on April 18, 2007. |
| 8 9 | **May 11, 2007 - May 14, 2007** | Petitioner provides evidence that Centinela State Prison, Facility "D", was put on "Modified Program" status effective Friday, May 11, 2007 through Monday, May 14, 2007 (Exhibit A.) |
| 10 11 12 | **May 15, 2007- May 16, 2007** | Petitioner provides evidence that Centinela State Prison, Facility "D", was put on "Modified Program" status effective on Tuesday, May 15, 2007 through Thursday, May 17, 2007 (Exhibit B.) |
| 13 14 | **May 16, 2007** | Petitioner filed the instant federal Petition in this Court. (Docket No. 1) Petition was filed 17 days after the statute of imitations expired on April 29, 2007. |
| 15 16 | **May 22, 2007** | This Court, the United States District Court for the Southern District of California, ordered a response to the Petition. (Docket No. 3) |
| 17 | **July 6, 2007** | Respondent filed a motion to dismiss based on untimeliness. (Docket No. 6) |
| 18 | **Aug. 6, 2007** | Petitioner filed a response to Respondent's motion to dismiss. (Docket No. 8) |

### III.
### STANDARD OF REVIEW

As amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, 28 U.S.C. section 2244(d) provides a one-year limitations period, plus any time tolled while seeking state collateral relief, for a state prisoner to file a federal petition for writ of habeas corpus pursuant to the judgment of the State court. Title 28, U.S.C. section 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by

State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C.A. § 2244(d) (West Supp. 2005).

## IV.
## DISCUSSION

**A. THE INSTANT PETITION IS BARRED BY THE STATUTE OF LIMITATIONS UNDER 28 U.S.C. § 2244(d) AND THEREFORE SHOULD BE DISMISSED**

Respondent first alleges the present petition is barred by the statute of limitations pursuant to 28 U.S.C. section 2244(d) and, therefore, should be dismissed with prejudice. (Motion at 2.) Specifically, Respondent alleges that under the provisions delineated in 28 U.S.C. section 2244(d), the statute of limitations expired "almost a month prior to the filing of the instant federal Petition." (Motion at 3.)

According to Respondent, Petitioner's conviction became final ninety days after the California Supreme Court denied review. (Motion at 3.) Thus, Respondent asserts, Petitioner's conviction became final on September 28, 2004, 90 days after the California Supreme Court denied his position for review on June 30, 2004. (Motion at 3.)

Moreover, according to Respondent, the statute of limitations normally begins to run on the day following "finality", unless one of three exceptions apply: (1) there was a [S]tate impediment to Petitioner seeking further relief; (2) Petitioner's claims rely on any new constitutional right; or (3) the factual predicate for Petitioner's current claims was not known by the time his conviction was final. (Motion at 3.) The Respondent contends, however, that none of the exceptions applies to Petitioner.

Therefore, Respondent claims, unless Petitioner is entitled to statutory or equitable tolling[3], the statute of limitations began to run on September 29, 2004, and expired one year later, on September 28, 2005. As Respondent points out, Petitioner did not file the instant Petition until May 16, 2007.

Petitioner makes no contention concerning Respondent's initial claim that the statute of limitations has run. As discussed below, Petitioner only argues that he is entitled to equitable tolling. (Petition at 2.)

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, which amended 28 U.S.C. § 2254 and related provisions, applies to habeas petitions filed after the Act's effective date of April 24, 1996. *Smith v. Robbins*, 528 U.S. 259, 268 n.3, 120 S. Ct. 746, 145 L. Ed. 2d 756 (2000). Dismissal with prejudice of a writ of habeas corpus is appropriate when it has not been filed within the AEDPA's one-year statute of limitations. *Jimenez v. Rice*, 276 F.3d 478 (9th Cir. 2001). Accordingly, the court must first determine when the state court judgment became final in order to determine when the statute of limitations began to run. *See* 28 U.S.C. § 2244 (West Supp. 2005).

Where a state prisoner has sought direct review of conviction in the state's highest court but does not file a petition for certiorari with the United States Supreme Court, the one-year limitations period for seeking federal habeas review, pursuant to the AEDPA, begins to run 90 days after the state court entered judgment. *Bowen v. Roe*, 188 F.3d 1157 (9th Cir. 1999); *See* U.S. Sup.Ct. R. 13. On that 90th day (ninetieth), time for seeking certiorari expires. *Id.* Pursuant to Federal Rule of Civil Procedure 6(a), the statute of limitations under section 2254 begins to run on the date subsequent to the date the judgment became final, unless an exception applies. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). 28 U.S.C. section 2244 delineates only three possible exceptions to the general rule regarding when the statute of limitations begins to run in a case such as the instant one: (1) Petitioner was impeded by the state from seeking further relief; (2)

---

[3] As will be discussed, *infra*, statutory and/or equitable tolling allow for the pausing or delaying of the running of the AEDPA's one year limitations period.

Petitioner's claims rely on a newly recognized constitutional right; and (3) the factual predicate for Petitioner's current claim(s) was not known, or could not have been known, by the time his conviction became final.

On May 16, 2007 Petitioner filed for writ of habeas corpus in the United States District Court for the Southern District of California. (Docket No. 1)  Because Petitioner filed his habeas petition after the AEDPA's effective date of April 24, 1996, the Act applies to Petitioner's habeas petition. 28 U.S.C.A. § 2244(d) (West Supp. 2005).

On October 10, 2006, Petitioner sought direct review of his conviction in the California Supreme Court. (Lodgment 7.)  On June 30, 2004, the California Supreme Court denied review. (Lodgment 11; Lodgment 12.)  Moreover, Petitioner failed to file a petition for Certiorari in the United States Supreme Court within the ninety (90) day period following the California Supreme Court's entry of judgment[4].  Accordingly, Petitioner's conviction became final on September 28, 2004, 90 days after the California Supreme Court denied review. *See Bowen*, 188 F. 3d 1157 (9th Cir. 1999); (Lodgment 7.).

Pursuant to Fed. R. Civ. Proc. 6(a), unless an exception applies, the statute of limitations began to run on September 29, 2004, the date after the California Supreme Court's judgment became final. *See Patterson*, 251 F.3d 1243, 1246 (9th Cir. 2001).  Petitioner has not established any of the requirements of section 2244(d) that would cause the statute of limitations to begin later than the date the original judgment became final.  As discussed below, there was no State impediment to Petitioner seeking further relief; Petitioner's claims do not rely on any new constitutional right; and the factual predicate for Petitioner's current claims was known by the time his conviction was final.

Thus, the statute of limitations period ostensibly expired on September 28, 2005, one year after it began to run on September 29, 2004.  As stated above, Petitioner did not file the current petition until May 16, 2007.  Accordingly, the instant petition is untimely and should be dismissed,

---

[4] Petitioner provides no evidence that he filed a petition for Certiorari in the United States Supreme Court within the ninety (90)day period following the California Supreme Court's entry of judgment.

1 unless statutory or equitable tolling sufficient to make the instant petition timely applies. (Docket
2 No. 1)

**1. Statute Of Limitations Under The AEDPA Is Not Sufficiently Extended By Statutory Tolling And The Federal Petition Is Therefore Untimely**

Respondent claims Petitioner is not entitled to statutory tolling sufficient to render the instant petition timely. (Motion at 4.) Respondent points out that 28 U.S.C. section 2244(d)(2) provides tolling of the AEDPA's one-year-statute-of-limitations for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" Additionally, Respondent points out, a federal petitioner is not entitled to statutory tolling for the period between finality of the state court judgment and the filing of the petitioner's first collateral challenge in state court because there is no state action "pending" for purposes of 28 U.S.C. section 2244(d)(2). (Motion at 4.); *See Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

According to Respondent, Petitioner filed his first state habeas petition–and thus triggered statutory tolling–on September 17, 2005, 11 days before the expiration of the expiration of the limitations period on September 28, 2005[5]. (Motion at 4-5) Therefore, Respondent asserts, 354 days of the AEDPA's one-year-statute-of-limitations had elapsed when Petitioner filed his first state habeas petition. (Motion at 4).

Moreover, Respondent asserts, Petitioner filed habeas petitions in the California Court of Appeal and subsequently in the California Supreme Court. (Motion at 5.) Respondent claims the California Supreme Court denied Petitioner's habeas petition on April 18, 2007. (Motion at 5.) Respondent contends, the AEDPA statute of limitations was therefore tolled from the time Petitioner filed his first habeas petition on September 17, 2005, until the California Supreme Court denied his petition on April 18, 2007. (Motion at 5.)

---

[5] Due to a perceived typographical error in Respondent's Motion, the Court is inserting the date September 28, 2005 in place of the date September 28, 2004 (See Respondent's Motion at 4, line 21).

Accordingly, Respondent claims, Petitioner then had 11 days, or until April 29, 2007[6], to file his federal petition once the California Supreme Court denied his state petition on April 18, 2007[7]. (Motion at 5.) However, according to Respondent, Petitioner did not file his federal petition until May 16, 2007, 17 days after the statute of limitations expired. (Motion at 5.) For these reasons, Respondent asserts, the current petition must be dismissed as untimely unless Petitioner can show he is entitled to equitable tolling. (Motion at 5.)

Petitioner makes no contention concerning Respondent's claim that statutory tolling does not apply. As discussed below, Petitioner only argues that he is entitled to equitable tolling. (Petition at 2.)

The one-year statute of limitations proscribed by the AEDPA is subject to statutory tolling. 28 U.S.C. § 2244(d)(2) (West Supp. 2005). The limitations period is subject to statutory tolling for periods of time during which there is pending in the state court a properly filed application for post-conviction or other collateral review with respect to the pertinent judgment or claim. *Id.* The statute of limitations is not tolled, however, during the interval between the date on which a judgment becomes final and the date on which a petitioner files his first collateral challenge. *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

In this case, the state habeas petition is deemed to have been filed–and statutory tolling was thus triggered–on September 17, 2005, the date on which Petitioner placed the petition in the prison mail. (Lodgment 8.); *See Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003) (holding under the 'mailbox rule', "a pro se prisoner's filing of a state habeas petition is deemed filed at the moment the prisoner delivers it to prison authorities for forwarding to the clerk of the court."). Accordingly, the statute of limitations was tolled from the time Petitioner filed his first state habeas petition on September 17, 2005, until the California Supreme Court denied his state petition on April 18, 2007. (Lodgment 12.)

---

[6] Due to a perceived typographical error in Respondent's Motion, the Court is inserting the date April 29, 2007 in place of the date April 29, 2006 (See Respondent's Motion at 5, line 7).

[7] Due to a perceived typographical error in Respondent's Motion, the Court is inserting the date April 18, 2007 in place of the date April 18, 2006 (See Respondent's Motion at 5, line 8).

As stated above, the AEDPA statute of limitations period expired on September 28, 2005. Thus, Petitioner had to file his federal petition by April 29, 2007, within 11 days of the California Supreme Court's denial of his state petition. Petitioner, however, did not file his federal petition until May 16, 2007, 29 days after the California Supreme Court denied his state petition, and 17 days after the statute of limitations had expired. Accordingly, the statute of limitations under the AEDPA was not sufficiently extended by statutory tolling and the federal Petition is therefore untimely and should be dismissed, unless equitable tolling applies.

**2. Petitioner Is Not Entitled To Equitable Tolling And The Federal Petition Is Therefore Untimely**

Respondent claims Petitioner is not entitled to equitable tolling because he fails to establish either of the elements required under *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005): (1) that Petitioner has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. (Motion at 5.)

Respondent contends Petitioner did not file a federal petition until almost a month after the expiration of the statute of limitations and that he does not offer an explanation as to his delay. (Motion at 5.)

Moreover, Respondent claims, the fact that Petitioner missed his filing deadline by a matter of weeks does not warrant an application of equitable tolling and, therefore, "any claim of entitlement to equitable tolling fails under *Pace*." (Motion at 5.)

Petitioner claims he is entitled to equitable tolling because a State-created impediment prevented him from filing his federal petition for writ of habeas corpus *before* April 29, 2007. (Docket No. 8) Petitioner also claims the same State-created impediment–an "institution (facility) lockdown"–prevented him from accessing the prison law library and prevented him from having access to a legal document copying service until May 15, 2007. (Docket No. 8)

The AEDPA's statute of limitations period is subject to equitable tolling. *Calderon v. United States Dist. Court*, 128 F.3d 1283, 1288 (9th Cir. 1997). However, the Ninth Circuit has stated that equitable tolling should only be available where "extraordinary circumstances" beyond

the prisoner's control have made it impossible for him to file a timely petition. *Id.* (Citing *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996)). The Ninth Circuit has also stated that judges must "take seriously Congress's desire to accelerate the federal habeas process" and "only authorize extensions when this high hurdle is surmounted." *Id.* At 1289. Accordingly, equitable tolling will not be available in most cases. *Id*. At 1288. Furthermore, it is the petitioner's burden to demonstrate that circumstances exist which warrant equitable tolling. *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002).

In the instant case, Petitioner claims that a State-created impediment–"an institution (facility) lockdown"–prevented him from filing his federal petition prior to April 29, 2007, prevented him from accessing the prison law library, and prevented him from accessing a legal document copying service until May 15, 2007. (Docket No. 8) Petitioner provides evidence that Centinela State Prison, Facility "D", was put on "Modified Program" status effective Friday, May 11, 2007 through Monday, May 14, 2007 (Exhibit A.), and again effective on Tuesday, May 15, 2007 through Thursday, May 17, 2007 (Exhibit B.). As stated above, however, the deadline for Petitioner to file his federal petition was April 29, 2007. Thus, the fact that a State-created impediment may have occurred after the filing deadline has no bearing on Petitioner's capacity to file a timely petition.

Furthermore, according to Petitioner, Centinela State Prison, Facility "D", was placed on "lockdown" on April 13, 2007. (Docket No. 8) However, Petitioner does not provide any evidence supporting this claim and, without more, Petitioner's argument fails.

Accordingly, the statute of limitations in the instant case was not extended by equitable tolling. Petitioner's federal habeas Petition is, therefore, untimely.

## V.
## CONCLUSION AND RECOMMENDATION

For all the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) **GRANTING** Respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus and (2) **DISMISSING** Petitioner's Petition for Writ of Habeas Corpus with prejudice.

Case 3:07-cv-00890-W-WMC   Document 9   Filed 10/16/07   PageID.66   Page 13 of 13

**IT IS ORDERED** that no later than **November 19, 2007**, any party to this action may file a written objection with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **December 14, 2007**.  The parties are advised that failure to file objections within the specified time may result in a waiver of the right to raise those objections on appeal of the Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

DATED: October 16, 2007

Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court

Copy to: Honorable Thomas Whelan
U.S. District Judge

All Counsel and Parties of Record