UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYNANTE PRE,<br><br>  Petitioner,<br><br>  v.<br><br>VICTOR M. ALMAGER, Warden,<br><br>  Respondent. | CASE NO. 07-CV-890 W (WMc)<br><br>**ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION; REQUIRING RESPONDENT TO FILE ANSWER TO PETITION** |

Petitioner Reynante Pre ("Petitioner"), a state prisoner proceeding *pro se*, has filed a federal Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). Victor M. Almager ("Respondent") moved to dismiss, arguing that the Petition was time-barred pursuant to 28 U.S.C. § 2244(d). On October 16, 2007, Magistrate Judge William McCurine, Jr. filed a Report and Recommendation ("Report"), recommending that the Court grant the motion to dismiss. On November 5, 2007, Petitioner filed his objections. The Court decides the matter on the papers submitted and without oral argument. See Civil Local Rule 7.1(d.1). For the reasons outlined below, the Court **DECLINES TO ADOPT** the Report, **DENIES** Respondent's motion to dismiss, and **ORDERS** additional briefing.

## I. BACKGROUND

On July 22, 2002, a jury convicted Petitioner in San Diego County Superior Court of attempted voluntary manslaughter, mayhem, torture, robbery, and burglary. (Lodgment 1.) On August 30, 2002, Petitioner was sentenced to a life term plus 13 years and 4 months in state prison. (Id. at 173–74, 200.) Thereafter, Petitioner appealed his conviction to the Fourth District Court of Appeal, Division One, where the judgment was affirmed. (Lodgment 3, 4, 5.) Petitioner then filed a petition for review in the California State Supreme Court. (Lodgment 7.) On June 30, 2004, the California Supreme Court denied Petitioner's petition for review. (Id.) On September 28, 2004 Petitioner's conviction became final when the 90-day period in which Petitioner could have sought certiorari in the United States Supreme Court expired. See Bowden v. Roe, 188 F.3d 1157, 1158–59 (9th Cir. 1999).

On September 17, 2005,[1] 354 days after his conviction became final, Petitioner filed a state habeas petition in the San Diego County Superior Court, claiming ineffective assistance of both trial and appellate counsel. (Lodgment 8.) The court denied the petition for failure to state a prima facie case for relief. (Lodgment 9, Exhibit A.) On March 16, 2006, Petitioner filed a habeas corpus petition in the California Court of Appeal. (Lodgment 9.) Again, the petition was denied. (Id.) On October 10, 2006, Petitioner filed a habeas corpus petition in the California Supreme Court. (Lodgment 11.) On April 18, 2007, the California Supreme Court denied his petition and Petitioner's state habeas rights were exhausted. (Lodgment 12.) On May 16, 2007, Petitioner commenced these federal habeas proceedings.

///

///

---

[1] Because Petitioner signed proof of service by mail on the petition for a writ of habeas corpus on September 17, 2005 (Lodgment 8), he is properly afforded the "mailbox rule." See Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (holding under the 'mailbox rule', a "*pro se* prisoner's filing of a state habeas petition is deemed filed at the moment the prison delivers it to prison authorities for forwarding to the clerk of the court."). On September 22, 2005, the petition was filed in San Diego Superior Court. (Lodgment 8.)

## II. LEGAL STANDARD

The duties of the district court in connection with a magistrate judge's report and recommendation are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court "must make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C); see also United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989); United States v. Raddatz, 447 U.S. 667, 676 (1980).

## III. DISCUSSION

The principal issue currently before the Court is whether Petitioner's claim for federal habeas relief was filed within the applicable statute of limitations. Having read and considered the Report and the Objections thereto, the Court concludes that the statute of limitations was extended by equitable tolling. Thus Petitioner's federal habeas petition is timely.

### A. Report and Recommendation

On July 6, 2007, Respondent moved to dismiss the Petition, arguing it is barred because the one year statute of limitations has expired. See 28 U.S.C. § 2244(d). In opposition, Petitioner argued that the Court should find the statute of limitations equitably tolled because his access to the prison law library was impacted by a period of full or modified prison lockdowns between April 18 and May 16, 2007. Petitioner argued that these lockdowns prevented him from accessing a legal document copying service. Although Petitioner provided evidence of lockdowns from May 11, 2007 through May 17, 2007, the deadline for Petitioner to file his federal petition was April 29, 2007. Therefore, Magistrate Judge McCurine recommended, based upon the facts set forth by Petitioner in his opposition, that the statute of limitations had already expired and could not be extended by equitable tolling, and thus the motion to dismiss

should be granted.

On November 5, 2007, in accordance with Magistrate Judge McCurine's Report, Petitioner filed an Objection to the Report ("Objection"). In his Objection, Petitioner provides additional evidence that the prison was on lockdown for additional dates between April 18 and May 16, 2007, thus preventing his access to legal document copying services before the April 29, 2007 deadline. Thus, this Court must address whether the statute of limitations was equitably tolled due to the prison conditions.

### B.   28 U.S.C. § 2254 Statute of Limitations and Equitable Tolling

Petitioner's conviction became final on September 28, 2004 and he filed his state habeas petition on September 17, 2005. When the California Supreme Court finally denied his petition on April 18, 2007, Petitioner then filed his federal habeas claim on May 16, 2007.

As amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, 28 U.S.C. § 2244(d) provides a one-year limitations period—plus any time tolled while Petitioner seeks state collateral relief—for a state prisoner to file a federal petition for writ of habeas corpus. In this case, the statute of limitations was tolled during the entire pendency of Petitioner's state habeas proceedings, from September 17, 2005 through April 18, 2007. However, the statute ran for 354 days before Petitioner filed in state court, and ran again for 28 days between the California Supreme Court's denial and federal filing.[2] Therefore, the statute of limitations ran for a total of 382 days after Petitioner's conviction became final and before Petitioner filed his federal habeas Petition. Neither Petitioner nor Respondent dispute the calculation of these dates. At first glance, Petitioner filed his habeas claim seventeen days late and is barred by 28 U.S.C. § 2244(d), absent equitable tolling.

---

[2] Pursuant to Federal Rule of Civil Procedure 6(a), the statute of limitations under 28 U.S.C. § 2254 begins to run the day after the judgment becomes final. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Here, the statute of limitations began on September 29, 2004, the day after the California Supreme Court's judgment became final.

Petitioner bears the burden of demonstrating that equitable tolling is appropriate. Lawrence v. Florida,— U.S. ——, 127 S.Ct. 1079, 1085 (2007). The petitioner's burden is very high, Miranda v. Castro, 292 F.3d 1063, 1069 (9th Cir. 2002), and the court's inquiry must be "highly fact-dependant." Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000); Lott v. Mueller, 304 F.3d 918, 923 (9th Cir. 2002). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Roy v. Lampert, 465 F.3d 964, 971 (9th Cir. 2006).

**1.   *Petitioner has diligently pursued his rights.***

A petitioner has diligently pursued his rights when he has alleged specific efforts to enforce those rights taken within in a reasonable period of time. See Roy, 465 F.3d at 973. In Roy, two petitioners alleged deficiencies in an Arizona prison library in order to invoke equitable tolling and preserve their habeas rights. Id. at 971. The Ninth Circuit found that the two petitioners had presented sufficient evidence of their diligence by demonstrating that they had pursued their claims and complained about their situation before the expiration of the AEDPA statute of limitations. Id. at 973. The court also noted that the petitioners need not allege an exact date the efforts to enforce the rights were taken. Id.

The legitimacy of the complaint does not have any bearing on the petitioner's diligence. See Roy, 465 F.3d at 971. In Roy, the petitioner filed a lawsuit indicating that the Arizona prison did not have a legal assistant trained in Oregon law. Id. Regardless of the merits of the lawsuit, it demonstrated diligence on the part of the petitioner in securing his rights. Id. Additionally, the court found it "highly relevant" that the petitioners were proceeding *pro se*. Id. at 970; see also Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005) (finding that courts must "construe *pro se* habeas filings liberally").

1    Similarly, Petitioner here proceeds *pro se* and alleges that he made several
2 attempts to access the library during the short time following the California Supreme
3 Court's denial of his habeas petition. Additionally, Petitioner attempted to utilize the
4 prison library by requesting access on April 28, 2007. (Petr.'s Obj. at 2.) However,
5 "priority was given to Black and Hispanic inmates with established/verifiable court
6 deadlines." (Id.) As a result, the wait for access to the library was approximately
7 fourteen days. As demonstrated in the evidence presented by Petitioner, the prison was
8 on lockdown status fourteen days after the application was filed, and therefore
9 inaccessible. (Petr.'s Obj. Ex. A; Petr.'s Opp'n Ex. A, B.) Accordingly, given the
10 specific facts of this case, the Court finds that Petitioner has diligently pursued his rights.

12    ***2.    Petitioner has shown extraordinary circumstances.***

13    Petitioner must next demonstrate that "extraordinary circumstances" prevented
14 him from filing his Petition in a timely manner. The Ninth Circuit has held that
15 AEDPA's statute of limitations is subject to equitable tolling when "extraordinary
16 circumstances" beyond a prisoner's control prevented him from timely filing the motion.
17 Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005). Neither the
18 United States Supreme Court nor the Ninth Circuit have ruled directly on whether
19 prison lockdowns constitute extraordinary circumstances. However, three relevant
20 decisions have been issued by district courts within this circuit.

21    In Hood v. Galaza, 47 F. Supp. 2d 1144 (S.D. Cal. 1999), the court found that
22 petitioner's generalized, nonspecific allegations "that he experienced delays in
23 photocopying materials and utilizing the prison library services" did not constitute
24 "extraordinary circumstances." Id. at 1148. Similarly, in the oft-cited United States v.
25 Van Poyck, 980 F. Supp. 1108 (C.D. Cal. 1997), the court rejected the petitioner's
26 equitable tolling argument where the security lockdowns only prevented the petitioner
27 from accessing the law library for two weeks. Id. at 1111. Although Van Poyck
28 concerned 28 U.S.C. § 2255 habeas relief, the petitioner attempted to invoke equitable

1  tolling by requesting a "sixty day extension" of AEDPA's one year statute of limitations,
2  over a month before the statute of limitations had actually run.[3]  The petitioner also
3  failed to argue that the circumstances supporting his motion were out of his control.  Id.
4  For these reasons, the district judge explained that two weeks "could hardly be
5  characterized as an 'extraordinary circumstance'" and that the defendant "still had fifty
6  other weeks to prepare a § 2255 motion in his prison's library facilities."  Id.

       In contrast, in Singleton v. Scribner, 2007 WL 1300071 (S.D. Cal. May 2, 2007), the court found that a petitioner's inability to access a law library constituted "extraordinary circumstances."  In Singleton, a series of prison lockdowns prevented a prisoner from filing his 28 U.S.C. § 2254 claim in a timely manner.  Id. at *2.  In support of his equitable tolling claim, the petitioner supplied 'Program Status Reports.'  Id.  These reports documented the exact duration and details of each lockdown.  They indicated that the lockdowns constituted almost the entire statutory limitations period.  Id.  Furthermore, the petitioner discussed the impact of the lockdowns on his ability to pursue his legal remedies.  Id.  The court found that, given these facts, equitable tolling was appropriate to preserve the petitioner's habeas rights, and the habeas petition was therefore timely.  Id. at *3.

       Here, in both his opposition and Objection, Petitioner argues that he was unable "to complete and/or file" his federal Petition prior to May 16, 2007 as a result of a state created impediment: an institution facility lockdown.  (Petr.'s Obj. at 2; Petr.'s Opp'n at 2.)  Petitioner has presented proof showing that the prison was on lockdown status for all but eleven days from the day the California Supreme Court denied his state habeas petition through the time he filed his federal habea petition.  (Petr.'s Obj. Ex. A; Petr.'s Opp'n Ex. A, B.)  Just like Singleton, Petitioner has provided  Program Status Reports detailing each lockdown's duration and the race-based limitations on prisoner

---

[3]Because a 28 U.S.C. § 2255 habeas petition seeks relief from federal sentencing, statutory tolling while petitioner seeks state relief is not an issue, unlike a 28 U.S.C. § 2254 action.  Thus, under Section 2255, equitable tolling is the primary method in which a petitioner seeks to extend the one-year statute of limitations.

access to the law library.  (Id.)  Additionally, Petitioner discussed the impact of those lockdowns on his ability to pursue his legal remedies, including that the lockdown prevented him from having access to the prison law library and legal document duplicating services.  (Id.)  On the few days during the lockdown that library access was allowed, access was restricted to "Whites and [o]ther inmates who were not housed with Black and Hispanic inmates." (Petr.'s Obj. at 2.)  Furthermore, only those inmates with "established/verifiable court deadline[s]" could access the library.  (Id.)  Because Petitioner did not fall within these limited access groups, he was categorically denied from accessing the prison library during that time.[4]  (Id.)

Finally, the Court finds that the "extraordinary circumstances" (the prison lockdowns) "were the but-for and proximate cause of [Petitioner's] untimeliness." Allen v. Lewis, 255 F.3d 798, 800 (9th Cir. 2001) (adopting standard used by Second and Tenth Circuits).  Petitioner has demonstrated that had the prison library been accessible he would have filed his federal habeas Petition earlier.  The Court's finding is buttressed by the fact that Petitioner filed his federal habeas Petition almost immediately on its due date, given the seventeen days of equitable tolling.  Additionally, Respondent has not disputed any of the evidence presented by Petitioner.  Respondent has not provided any contrary evidence regarding the nature and extent of the prison lockdowns or the limitations imposed upon Petitioner's ability to access the law library as a result of the lockdowns.[5]

Although this is a close case, the Court prefers a decision on the merits.  Therefore, the Court finds that Petitioner diligently pursued his rights but that the

---

[4] Based on several references in Petitioner's Opposition and Objection to the amount of library access to "Black and Hispanic" inmates, the Court presumes that Petitioner is "Black or Hispanic."  Regardless, Petitioner does not have an "established" court deadline to gain access to the library.

[5] In fact, Respondent's only argument in the ten lines devoted to equitable tolling in the motion to dismiss is "[t]he fact that Petitioner missed the filing deadline by a matter of weeks does not warrant an application of equitable tolling." (Resp't Mot. to Dismiss at 5:12–22) (citing cases from several circuits).  Without any elaboration, the Court declines to entertain this argument.

modified prison lockdown programs presented extraordinary circumstances which prevented Petitioner from timely filing his federal habeas petition. The statute of limitations was thereby equitably tolled.

### IV. CONCLUSION AND ORDER

Therefore, in light of Petitioner's Objection, the Court **DECLINES TO ADOPT** Magistrate Judge McCurine's Report and Recommendation. Petitioner is entitled to seventeen days of equitable tolling, rendering his federal habeas petition timely. Respondent's motion to dismiss is **DENIED**.

Respondent is **ORDERED** to file an Answer, addressing the merits of the claim raised in the Petition, on or before **January 14, 2008**. Petitioner may file a traverse on or before **February 25, 2008**.

**IT IS SO ORDERED.**

DATED: November 29, 2007

_____
Hon. Thomas J. Whelan
United States District Judge